**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DAMIAN LITTLE, | CIVIL NO. 4:26-CV-01849 |
| Plaintiff, | |
| v. | (LATELLA, M.J.) |
| DENISE BOLDEN REINARD, | |
| Defendant. | |

**<u>MEMORANDUM OPINION</u>**

On July 2, 2025, *pro se* Plaintiff Damian Little commenced three separate actions in the Middle District of Pennsylvania.  *See Little v. Reinard*, 4:26-cv-01849 ("the Reinard Action"); *Little v. Geisinger Health System*, 4:26-cv-01847 ("the Geisinger Action"); *Little v. WellSpan Health, et al.*, 4:26-cv-01848.  Because of the substantial overlap in the Geisinger Action and the Reinard Action, we will order that the two matters be consolidated.[1]

---

[1] Plaintiff's Complaint in *Little v. WellSpan Health, et al.*, 4:26-cv-01848 involves different facts and parties and is therefore not subject to this Memorandum Opinion or the corresponding order.

1

## I.   PROCEDURAL BACKGROUND

On July 2, 2026, Plaintiff commenced the Geisinger Action against Defendants Geisinger Health System, William Perry, M.D., Emma Kitki, PA-C, and Denise Bolden Reinard, RN ("Reinard").  (Doc. 1).  On that same date, he filed a Motion for Leave to Proceed *In Forma Pauperis* (Doc. 2) and a Motion for Appointment of Counsel (Doc. 3).

Similarly, he initiated his Complaint in the Reinard Action on July 2, 2026.  4:26-cv-01849 (Doc. 1).  He also filed a Motion for Leave to Proceed *In Forma Pauperis* (Doc. 2) and a Motion for Appointment of Counsel (Doc. 3).

### A.   The Reinard Action

In the Reinard Action, Plaintiff claims that he presented to Geisinger Bloomsburg Hospital Emergency Department ("Geisinger") on May 27, 2026.  (Doc. 1 at ¶2).  He alleges that he was experiencing a Postural Orthostatic Tachycardic Syndrome ("POTS") crash and "severe structural trauma to his right hand."  (*Id*.).  Plaintiff claims that, as a result of Geisinger staff actions, he "vocalized his distress to the floor staff, stating that the clinic was actively messing with a disabled patient."  (*Id*. at ¶3).  Little then alleges that Defendant Denise Bolden

2

Reinard, RN ("Reinard") entered his room and became defensive and aggressive. (*Id.* at ¶¶4,5). He further alleges that Reinard authored a "heavily biased ED Support Staff Note." (*Id.* at ¶7). Finally, he claims that she participated in and facilitated his unsafe discharge. (*Id.* at ¶10).

Based upon those factual allegations, Plaintiff includes three causes of action: (1) "Disability Discrimination Under ADA Title III;" (2) "Intentional Infliction of Emotional Distress;" and (3) "Intentional Chart Falsification." (Doc. 1 at 5-6).

## B.    The Geisinger Action

In the Geisinger Action, Plaintiff named Geisinger Health System, William Perry, M.D., Emma Kitko, PA-C, and Denise Bolden Reinard, RN as defendants. (Doc. 1). Plaintiff alleges that on May 25, 2026, he experienced a severe POTS crash, which precipitated a fall, causing severe trauma to his right hand. (*Id.* at ¶2). He alleges that he presented to the Geisinger Emergency Department for treatment. (*Id.* at ¶3). Plaintiff alleges that, because of staff action, he "was forced to loudly vocalize his need for help to the floor staff, stating that the clinic was actively messing with a disabled patient." (*Id.* at ¶7). In response to his call for assistance, he alleges that Reinard entered the room and became

combative and aggressive. (*Id.* at ¶¶ 7-9). He alleges that Defendants Kitko and Perry failed to intervene. (*Id.* at ¶¶8-9). Little then claims that Defendants engaged in a coordinated effort to fraudulently falsify his chart. (*Id.* at ¶¶10-12). Finally, he alleges that Defendants facilitated an unsafe discharge. (*Id.* at ¶¶13-17).

In the Geisinger Action, Plaintiff includes four causes of action: (1) "Violations of Title III of the Americans with Disabilities Act (Against Defendant Geisinger Health System);" (2) "Gross Medical Malpractice & Active Patient Abandonment (Against All Defendants)"; (3) "Fraudulent Chart Falsification & Civil Conspiracy (Against All Defendants);" and (4) "Intentional Infliction of Emotional Distress (Against All Defendants)." (Doc. 1 at 7-8).

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 42 provides that a court may consolidate actions arising out of a common question of law or fact. Fed. R. Civ. P. 42(a). To facilitate the administration of justice, district courts are afforded broad power to consolidate actions, whether on motion of a party or *sua sponte*. *Ellerman Lines, Ltd. v. Atl. & Gulf Stevedores, Inc.*, 339 F.2d 673, 675 (3d Cir. 1964).

"[A] threshold requirement for consolidation is whether there exists a common question of law or fact." *Russell v. United States*, No. 1:12-CV-0407, 2012 WL 2792239, at *2 (M.D. Pa. July 9, 2012) (citing *In re Consol. Parlodel Litig.*, 182 F.R.D. 441, 444 (D.N.J. 1998)). Consolidation is often appropriate in cases involving the same plaintiff, the same defendant(s), and/or identical or similar claims arising out of the same incident or a common set of facts. *See, e.g., In re Radian Sec. Litig.*, 612 F. Supp. 2d 594, 597 n.1 (E.D. Pa. 2009) (noting consolidation of two separate cases against the same defendants); *Seidman v. Am. Mobile Sys., Inc.*, 157 F.R.D. 354, 359 (E.D. Pa. 1994) (explaining that the court had consolidated two related cases, filed by the same plaintiff against different defendants, "to keep all defendants on the same litigation track"); *Kenworthy v. Hargrove*, 826 F. Supp. 138, 139 n.1 (E.D. Pa. 1993) (noting the consolidation of two section 1983 cases arising out of the same incident), *aff'd,* 855 F. Supp. 101 (E.D. Pa. 1994); *Glaziers & Glassworkers Union Local 252 Annuity Fund v. Newbridge Sec., Inc.*, 823 F. Supp. 1185, 1186 (E.D. Pa. 1992), *on reconsideration in part,* 823 F. Supp. 1188 (E.D. Pa. 1993) (noting that

court had consolidated several cases involving different claims arising out of the same set of facts into one lead case).

The decision to consolidate cases with common issues of fact or law is within the discretion of the court so long as "consolidation would facilitate the administration of justice." *See Russell*, 2012 WL 2792239, at *2 (quoting *Waste Distillation Tech., Inc. v. Pan Am. Res., Inc.*, 775 F. Supp. 759, 761 (D. Del. 1991)); *see also Gambino v. Warden, FCI-Schuylkill*, No. 19-0249, 2019 WL 2005627, at *1 (M.D. Pa. May 7, 2019). "[T]he court must balance the saving of time and effort gained through consolidation against the prejudice, inconvenience, or expense that it might cause." *Gambino*, 2019 WL 2005627, at *1; *see also Mincy v. Chimielewski*, No. 1:05-cv-0292, 2006 WL 1997457, at *2 (M.D. Pa. July 17, 2006) (citing *Bernardi v. City of Scranton*, 101 F.R.D. 411, 413 (M.D. Pa. 1983)); *Russell*, 2012 WL 2792239, at *2; *Demchak Partners Ltd. P'ship v. Chesapeake Appalachia, LLC.*, No. 13-2289, 2014 WL 4955259, at *10 (M.D. Pa. Sept. 30, 2014).

## III.  DISCUSSION

Here, Little is the sole plaintiff in both the Reinard and Geisinger Actions.  Reinard is a defendant in each matter.  The facts, as discussed

*supra*, are substantially similar and there is overlap with Plaintiff's legal claims. Additionally, both cases are in a similar procedural posture. Both cases were filed on July 2, 2026 and have not yet been served. Further, both cases are assigned to the same undersigned federal magistrate judge. In such circumstances, courts have determined that consolidation is appropriate. *See Brown v. City of Shamokin Police Dep't*, No. 4:21-CV-01992, 2022 WL 2441557, at *2 (M.D. Pa. July 5, 2022) (citing *Galicki v. New Jersey*, No. 14-1319 (WHW) (CLW), 2014 WL 4105441, at *4 (D.N.J. Aug. 18, 2014) (consolidating two cases "given that both actions are still in their relative infancy and have nearly identical procedural postures")).

Further, "[d]ue to the multitude of similarities between the cases, the parties would not be prejudiced, inconvenienced, or forced to incur unnecessary expense if the cases were consolidated." *Brown*, 2022 WL 2441557, at *2. Consolidation will also foster judicial efficiency and economy as the Court will save considerable time and effort in managing a single case rather than two substantially similar but separate actions. *Id.* Accordingly, the factors balance in favor of consolidation as the Geisinger Action and the Reinard Action involve common questions of

7

fact and law and consolidation will promote the efficient administration of justice and judicial economy. We will therefore order that the actions be consolidated. The "most sensible option" is to require Plaintiff to submit a consolidated amended pleading encompassing any and all facts he wishes to include as to the Geisinger Defendants and Defendant Reinard before Defendants are served and required to respond. *See J.C. v. Ford*, Nos. 15-4745, 13-4066, 2017 WL 4155086, at \*4 (E.D. Pa. Sept. 19, 2017).

## IV.   CONCLUSION

For the reasons set forth herein, we conclude that consolidation of the Geisinger Action and Reinard Actions is appropriate. We will order Plaintiff to file a consolidated amended pleading to the docket in the Geisinger Action. An Order follows.

**/s/ Leo A. Latella**
Leo A. Latella
United States Magistrate Judge